UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR700 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CORY D. TRIPPLETT, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court are Defendant Cory Tripplett's Motions for Appeal on Bond for Release from Detention. (Docs. 16 & 23). For the following reasons, Defendant's Motions are **DENIED**.

**I. BACKGROUND**

On November 7, 2019, a Grand Jury indicted Defendant with one count of Receipt and Distribution of Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct, a violation of 18 U.S.C. § 2252(a)(2); one count of Sexual Exploitation of Children, a violation of 18 U.S.C. § 2251(a); and one count of Travel with Intent to Engage in Illicit Sexual Conduct, a violation of 18 U.S.C. § 2423(f). (Doc. 1).

On January 22, 2020, a Magistrate Judge for the Eastern District of Michigan conducted a Detention Hearing. The Magistrate Judged detained Defendant, justifying her decision on the presumption of detention, Defendant's danger to the public and Defendant's risk of flight. (Doc. 5-2). Thereafter, a Magistrate Judge for the Northern District of Ohio continued Defendant's detention once transferred to this District. (Non-Doc Entry, 3/6/2020).

On June 3, 2020 and again on October 15, 2020, Defendant, acting in a pro se capacity, asked this Court to overturn the Magistrate Judge's decision to detain. (Docs. 16 & 23). The Government opposed the request on October 21, 2020. (Doc. 25). Defendant also mailed letters to the Court in support of his release. (Docs. 24 & 26).

## II. LAW & ANALYSIS

A district court may conduct a *de novo* review of a magistrate judge's decision to detain under 18 U.S.C. § 3145(b). *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990). By doing so, the district court conducts the same analysis with the same options under 18 U.S.C. § 3142 as the magistrate judge. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000).

While the default position under § 3142 is pretrial release, that default is modified when "the judicial officer finds that there is probable cause to believe" that a defendant committed one of the crimes listed in § 3142(e)(3)(A)–(E). 18 U.S.C. § 3142(e)(3). In such a case, a presumption in favor of detention exists. *Id.* In order to defeat this presumption, a defendant must come forward with evidence that he does not pose a danger to the community or a flight risk. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). While the burden is not heavy, a defendant must introduce at least some evidence. *Id.*

When the government presents an indictment including charges listed in § 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention. *Id.* (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). Here, the Grand Jury indicted Defendant with crimes listed in § 3142(e)(3)(E). Accordingly, the Government established the presumption of detention.

Defendant thus must produce "some evidence" that he does not pose a danger to the community or a risk of flight. Defendant has not satisfied this burden. In one sentence Defendant contends he "is not a flight risk or threat to the community." (Doc. 16, PageID: 60; Doc. 23, PageID: 93). This conclusory sentence does not satisfy Defendant's burden. The other evidence that Defendant cites – his age, lack of criminal history, family circumstances – do not satisfy Defendant's burden either. All this evidence was known at the time of the Detention Hearing. And the fact that his mother confirmed his residence does not go to Defendant danger to the community—he was presumably living with her at the time of the instant offense. Finally, the presence of COVID-19 at the detention facility has no bearing on Defendant's danger to the public or flight risk. Defendant cites no medical condition that would increase his risk of severe complications should he contract the virus. Rather, Defendant is young (22 years old) and "in good physical health[.]" (Doc. 8, PageID: 26). Therefore, the existence of COVID-19 has no impact on Defendant's danger and flight risk.

### III. CONCLUSION

Based on the above, the Court determines that no conditions of release will reasonably assure the community's safety. Accordingly, the Court **DENIES** Defendant's Motions (Doc. 16 & 23).

**IT IS SO ORDERED.**

                                               s/ Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **Senior United States District Judge**

**Dated: November 13, 2020**